1

2

3

4

5       IN THE UNITED STATES DISTRICT COURT

6      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  GREGERY H. WILLIAMS, V-59286,   )
                 )

9      Petitioner,     )  No. C 12-2805 CRB (PR)
                 )

10   vs.          )  ORDER OF DISMISSAL
                 )

11  G. D. LEWIS, Warden,    )  (Docket # 2)
                 )

12      Respondent.    )
                 )

13

14              I.

15    Petitioner, a prisoner at Pelican Bay State Prison (PBSP), has filed a pro se

16  petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a $5,000

17  restitution fine entered by the Santa Clara County Superior Court in November

18  2004 in connection with an indeterminate life sentence for burglary under the

19  three strikes law.  Petitioner also moves for leave to proceed in forma pauperis

20  under 28 U.S.C. § 1915 (docket # 2), which, good cause shown, is granted.

21              II.

22    This court may entertain a petition for a writ of habeas corpus "in behalf

23  of a person in custody pursuant to the judgment of a State court only on the

24  ground that he is in custody in violation of the Constitution or laws or treaties of

25  the United States."  28 U.S.C. § 2254(a).

26    Section 2254(a) uses the term "in custody" twice, with two different

27  requirements.  Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  The first usage

28  (i.e., that the petition be filed "'in behalf of a person in custody'") requires that

1    there be a restraint on the petitioner's liberty.  Id. at 978-79.  The second usage

2    (i.e., that the application may be entertained "'only on the ground that he is in

3    custody in violation of the Constitution or laws or treaties of the United States'")

4    requires "a nexus between the petitioner's claim and the unlawful nature of the

5    custody."  Id. at 979-80.  For the second requirement to be satisfied, success on

6    the claim must result in a change in the restraint on the petitioner's liberty.  Id. at

7    980.

8         Petitioner's claim that the trial court erred in imposing a $5,000 restitution

9    fine fails to satisfy the second custody requirement because success on the claim

10   might cause the restitution fine to be set aside or modified but would not affect

11   any restraint on petitioner's liberty.  See id. at 980-81 (imprisoned petitioner

12   failed to satisfy custody requirement for his petition challenging only the

13   restitution component of his sentence because the "elimination or alteration of a

14   money judgment, does not directly impact – and is not directed at the source of

15   the restraint on – his liberty" as long as he has to serve the rest of his prison

16   sentence in the same manner).

17                                     III.

18        For the foregoing reasons, the petition for a writ of habeas corpus is

19   DISMISSED for want of "in custody" jurisdiction.

20        The clerk shall terminate all pending motions as moot, enter judgment in

21   accordance with this order and close the file.

22   SO ORDERED.

23   DATED:   June 6, 2012         _____
                                   CHARLES R. BREYER
24                                 United States District Judge

25

26

27   G:\PRO-SE\CRB\HC.12\Williams, G.12-2805.dismissal.wpd

28                                      2